**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| JODY GIBSON, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Case No. 1:25-cv-1750 |
| | § | |
| ABBOTT LABORATORIES, ST. JUDE | § | |
| MEDICAL BUSINESS SERVICES, INC. | § | |
| D/B/A ABBOTT MEDICAL DEVICES | § | |
| DIVISION, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANTS' REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Respectfully submitted,

SEYFARTH SHAW LLP

Esteban Shardonofsky
Texas Bar No. 24051323
Rachel M. Hoffer
Texas Bar No. 24065432
700 Milam Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 225-2300
Facsimile: (713) 225-2340
sshardonofsky@seyfarth.com
rhoffer@seyfarth.com

ATTORNEYS FOR DEFENDANTS
ABBOTT LABORATORIES AND ST. JUDE
MEDICAL BUSINESS SERVICES, INC.

**DEFENDANTS' REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS**

**A.     Plaintiff has Conceded her Discrimination and Retaliation Claims are Time Barred.**

In her Response, Plaintiff did not address (let alone rebut) Defendants' argument that the claims she *actually plead* in the FAC—age discrimination and retaliation—are time-barred, except for the constructive discharge claim. Nor does she identify any adverse employment actions (apart from her alleged constructive discharge) that occurred between April 25 and April 29, 2024—the ***only days*** prior to her resignation ***that are within*** the 180-day statute of limitations. The Court should therefore dismiss Plaintiff's claims, except for constructive discharge claim.

**B.     Plaintiff Did Not Plead Hostile Work Environment Claims in the FAC.**

Having conceded that her claims are time barred, Plaintiff desperately attempts to revive her case by arguing that she actually asserted claims for "hostile work environment" (HWE) and "retaliatory hostile work environment" (RHWE). In particular, Plaintiff claims she asserted these claims because she included in the "Facts" section of the FAC allegations regarding (1) two allegedly ageist comments made by her manager 15 months before the expiration of the statute of limitations; (2) various alleged minor workplace slights and tribulations she admits are not adverse employment actions on their own and occurred several months to more than a year before Plaintiff resigned (such as age-related comments, project delays, denial of travel opportunities, and job duty reductions/changes); and (3) used the phrase "hostile work environment" a few times to describe these minor slights and tribulations, and because she included a sentence in the "Causes of Action" section purporting to incorporate by reference all of the preceding sections of the FAC.  A close review of the FAC reveals, however, that Plaintiff did not plead any HWE or RHWE claims.

First, reading the FAC as a whole and including the way Plaintiff recounts the facts that culminated in her resignation, it is clear that the facts Plaintiff highlights in the Response—and especially the various alleged minor workplace slights and tribulations she recounts and concedes

1

are not adverse actions on their own—are intended to support the constructive discharge claim *which she did plead*, not some unstated HWE or RHWE claims.

Second, Plaintiff's own recitation of the legal claims in the FAC reveals that the "Causes of Action" section does not subsume any HWE or RHWE claims. Notably, those sections do not address (let alone recite) the elements of those claims and instead focus on the elements of the Plaintiff's age discrimination and retaliation claims. With respect to retaliation, Plaintiff used the following title: "**Claim No. 1 – Retaliation for Gibson's Report of Age Discrimination**" and recited the relevant elements, noting that she engaged in protected conduct by complaining about alleged discrimination, identifying various specific "adverse employment actions" (including (1) denial of a pay raise; (2) denial of transfer; (3) other alleged adverse employment actions such as removal of job duties, assignment of "junior level work" and negative performance evaluations, and (4) constructive discharge), and then noting that those adverse actions were causally connected to her protected activity. (FAC ¶¶ 49-54.) Similarly, with respect to discrimination, Plaintiff used the following title: "**Claim No. 2 – Age Discrimination"** and recited the relevant elements, noting that her manager discriminated against her because of her age, her age was a motivating factor in the "adverse employment actions" she suffered, identifying various "adverse employment actions" similar to those in the retaliation section, and also noting that she was treated less favorably than younger employees and that she was replaced by a younger employee. (*Id.* ¶¶ 55-61.)

Third, Plaintiff admits she did not plead HWE and RHWE, arguing instead that these "claims are subsumed in her age discrimination and retaliation claims" and that Defendants are "exalt[ing] form over substance" because "labelling claims is not a pleading requirement under Rule 8." (Dkt. 25 at 2, 8–9.)  But Plaintiff's argument here is disingenuous.  It is true that Rule 8 generally requires only "a short and plain statement of the claim showing that the pleader is entitled

2

to relief." FED. R. CIV. P. 8(a)(2). But having specifically titled, outlined, and defined her legal claims in a specific and separate "Causes of Action" section, Plaintiff should not be permitted now to claim there are different/additional claims "subsumed" but never actually asserted in the FAC.[1] Indeed, the phrase "retaliatory hostile work environment" appears nowhere in her FAC. And while the FAC uses the phrase "hostile work environment" a few times in the "Facts" section and the phrases "harassing treatment" and "hostile treatment" in the section describing the various "adverse employment actions" to which she was subject, those references are only in the context of asserting and describing her ***constructive discharge claim***, not any separate or "subsumed" HWE or RHWE claims.[2] (FAC ¶¶ 52 and 58.).

More importantly, the Fifth Circuit has made clear that use of such generic and conclusory phrases is insufficient to state a claim for HWE (and by extension a related/similar RHWE claim) where, as here, the plaintiff expressly and clearly defines different legal claims in the operative complaint. *See, e.g., Roberts v. Lubrizol Corp.*, 582 F. App'x 455, 461 (5th Cir. 2014) (finding that the plaintiff's sexual harassment claim was not properly before the Court because even though the plaintiff "used terms such as 'harassment' and 'hostile work environment' in her complaint, such general language is insufficient to properly state a claim for harassment where, as here, the plaintiff expressly and clearly laid out two causes of action–one for discrimination and one for

---

[1] Plaintiff also claims Defendants were on notice of her HWE and RHWE claims because she checked the box for "harassment" in her TWC Complaint. This argument is irrelevant—the question at issue is not what Plaintiff asserted in her TWC Complaint, but rather what legal claims she actually asserted in her FAC, the operative complaint.

[2] Plaintiff's attempt to incorporate by reference all of the preceding allegation into the "Causes of Action" section (FAC ¶¶ 40, 49 and 55) did not give Defendants fair notice of any HWE or RHWE claims, particularly in light of her express limitation and definition of her legal claims outlined in the "Causes of Action". Nor did Plaintiff cite any cases to support the proposition that incorporating all preceding allegations by reference in a "Causes of Action" section is sufficient to put defendant on notice and assert additional/different legal claims that were not actually plead.

3

retaliation"); *Taylor v. Tex. S. Univ.*, 569 F. App'x 193, 195 (5th Cir. 2014) (finding that the plaintiff did not meet the minimum pleading standards under Fed. R. Civ. P. 8(a)(2) and did not assert a cause of action for hostile work environment, in part, because she "explicitly identified her various causes of action in her amended complaint, but she did not identify a hostile work environment claim"). Plaintiff's effort to recharacterize her case as one for HWE and RHWE is exactly the kind of reframing the Fifth Circuit prohibited in *Roberts* and *Taylor*. Likewise, Plaintiff cannot amend her FAC and add these new causes of action through argument in opposition to a motion to dismiss. *Dixon v. Ally Bank*, 853 Fed. App'x 977, 978 (5th Cir. 2021) ("Because [plaintiff] did not raise these arguments in his complaint and instead raised them for the first time in a … response to the motions to dismiss, the arguments are not properly before this court.").

**C.     Plaintiff's Alleged HWE and RHWE Claims are Time Barred.**

Under the continuing violation doctrine, a court may consider unlawful, harassing conduct outside of the limitations period (1) "so long as any act contributing to that hostile environment takes place within the statutory time period." *National R.R. Corp. v. Morgan*, 536. U.S. 101, 105 (2002). To invoke the doctrine, plaintiff must also show: (2) that the separate acts of harassment are related; and (3) that the alleged harassment was continuing. *Id.* at 120; *Stewart v. Miss. Trans. Com'n*, 586 F.3d 321, 328 (5th Cir. 2009).

With respect to the first requirement, Plaintiff argues that the re-assignment and reduction of her job duties "are alleged to have occurred continuously up to the time [Plaintiff] was constructively discharged." (Dkt. 25 at 5.) This argument fails for numerous reasons. First, in the FAC, Plaintiff admits that any alleged reduction of job duties and/or assignment of "junior level work" were "discrete acts" and/or "adverse employment actions". (FAC ¶ 52, 58, referring to the changes in her work duties and responsibilities as "adverse employment actions"). Yet "traditional discrimination claims" based on "discrete acts—like the alleged her reduction in job

4

responsibilities and assignment of "junior level work" tantamount to a demotion, denial of transfer, and pay decisions—are not subject to the continuing violation doctrine." *Baker v. FedEx Ground Package Sys. Inc.*, 278 Fed. Appx. 322 (5th Cir. 2008) (continuing-violation theory under *Morgan* inapplicable to discrete acts such as the transfer to or elimination of a work shift); *Johnson v. Johnson*, 923 F. Supp. 2d 984, 1004 (S.D. Tex. 2013) (discrete employment actions include pay decisions, termination, and cancellation of work assignments).

Second, Plaintiff must show some harassing conduct within the limitations period. Yet the FAC does not include any allegation (or even an inference) that Plaintiff was subject to "harassment" or a "hostile work environment" at any time between April 25 and April 29, 2025—the five days within the limitations period prior to Plaintiff's resignation.  Plaintiff alleges her job duties were first changed (specifically, by assigning other work to Plaintiff) in or before Spring of 2023. (FAC ¶ 23, *compare with* FAC ¶ 24, where Plaintiff roots the next allegation in "Spring 2023.").  Next, sometime after Spring 2023 and before Plaintiff's performance review in March 2024, Plaintiff alleges she was assigned other duties originally assigned to her co-worker. (FAC ¶ 22, ("One of these co-workers was performing similar work as [Plaintiff]. . . and was promoted to the same level as [Plaintiff]"); FAC ¶ 28-29; FAC ¶ 32 (March 2023 performance review).) While Plaintiff also alleges she was given "junior level work",  her TWC Complaint reveals those assignments also occurred before her March 2024 review. (Dkt. 22-1 at 9 ("And in 2024, at the time I was receiving [the March 2024] assessment from my manager […] I was given part of [my co-worker's] original job duties…."")).  In other words, the FAC  and TWC Complaint show that the decisions and changes regarding Plaintiffs job duties/responsibilities/assignments were made and occurred ***outside the limitations period***. There are no allegations in the FAC allegation about any job-related decisions or changes in job duties/responsibilities within the five days at issue.

Plaintiff also cannot rely on a continuing violation by claiming that the effects of those decisions or changes continued ***into*** the limitations period. As the Fifth Circuit has noted, "[t]he mere perpetuation of the effects of time-barred discrimination does not constitute a violation of Title VII in the absence of independent actionable conduct occurring within the statutory period." *Glass v. Petro-Tex Chemical Corp.*, 757 F.2d 1554, 1561 (5th Cir. 1984), quoting *Trevino v. Celanese Corp.*, 701 F.2d 397, 403 n.7 (5th Cir. 1983) (emphasis in the original); *Klebe v. Univ of Tex. System*, 649 S. Supp. 2d 568, 570 (W.D. Tex. Aug. 3, 2009) ("The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts become most painful.") (quoting *Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980)).

More fundamentally, even if Plaintiff could establish that decisions were made about and that changes were mode relating to her job duties/responsibilities ***within*** the statute of limitations, that would still not establish a continuing violation—as the job changes she describes are (1) not "age-based" or ageist and (2) do not constitute "harassment" because they are not objectively intimidating, insulting, based on ridicule, or physically threatening—the hallmarks of a hostile work environment. (*See infra*, Section D, "Plaintiff's FAC Fails to State a Claim").

Finally, Plaintiff cannot invoke the continuing violation doctrine because the harassment in the FAC is not "related" and "continuing" as required under *Morgan*.  To be "related" under this standard, the various alleged incidents must "involved the same type of harassment." *Stewart*, 586 F.3d  at 329.  Here, however, there is no "related" harassment because (1) most of the allegations involve discrete acts of discrimination or retaliation based on isolated employment decisions that are not subject to the continuing violation doctrine and because (2) the remaining allegations are not "age-based" or ageist and do not constitute "harassment" as noted above and explained further below. (*See infra* Section D, "Plaintiff's FAC Fails to State a Claim."); *see also*

6

*Lopez v. AT&T Mobility Services, LLC*, 767 F.Supp.3d 406, 430 (W.D. Tex. Feb. 25, 2025) (The continuing violation doctrine did not apply because the plaintiff failed to show that acts inside and outside the limitations period were sufficiently related). For the same reasons, Plaintiff cannot show any "continuing" harassment (as opposed to various discrete acts or employment decisions) sufficient to invoke the continuing violation doctrine.

**D.     Plaintiff's FAC Fails to State a Claim for HWE and RHWE.**

Even assuming the claims are included in the FAC, Plaintiff's allegations fail to state claims for HWE or RHWE. To assert a plausible HWE claim, a plaintiff must allege: (1) she belongs to a protected class; (2) was the victim of unwelcome harassment; (3) the harassment was based on the plaintiff's protected status; (4) the harassment affected a term, condition, or privilege of her employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. *Harvill v. Westward Comm'ns, LLC*, 433 F.3d 428, 434 (5th Cir. 2005). The elements for RHWE are identical to HWE, except that instead of proving the harassment was based on plaintiff's protected status, she must prove there was a causal connection between the harassment and the protected activity. *Castro v. Bexar Cnty.*, No. 5:23-CV-08-DAE, 2024 WL 3071571, at *4 (W.D. Tex. May 14, 2024).

First and most fundamentally, apart from the two alleged ageist remarks made by Stepaniuk in January 2023 and March 2023, Plaintiff does not allege or describe ***any other conduct*** (let alone hostile or offensive conduct) by Defendants that was "age-based". (FAC ¶ 18.) Although she alleges her manager subjected her to various adverse actions—including giving her poor performance reviews, refusing deadline extensions, assigning her less favorable work, subjecting her work to increased scrutiny, and excluding her from travel opportunities—she does not plead any facts to connect these "bad acts" to her age. Indeed, apart from the two alleged ageist remarks,

7

there are no other allegations in Plaintiff's 29-paragraph "Facts" section linking any of the purportedly harassing conduct to her age or any other conduct that is "ageist" or "age-based". Without this link, Plaintiff's HWE claim fails at the outset. *See, e.g., Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 654 (5th Cir. 2012) (nonrace based harassment was not relevant to hostile work environment claim); *Harris-Childs v. Medco Health Solutions, Inc.*, 2005 WL 562720, at *6 (N.D. Tex. Mar. 10, 2005), aff'd, 169 Fed. App'x 913 (5th Cir. 2006) (not selected for publication) (to establish racial harassment, plaintiff must identify conduct with "a racial character or purpose").

Second, courts in the Fifth Circuit are clear that discrete acts and discrete personnel decisions like those alleged by Plaintiff (including, for example, poor performance reviews, pay decisions, job duty changes/assignment of junior work essentially amounting to a demotion, travel denials, deadline disputes, a denial of transfer, and alleged constructive discharge) are not harassment and cannot be manipulated into a HWE claim (and by extension a related/similar RHWE claim). *See Thomas v. S. Farm Bureau Cas. Ins. Co.*, No. 07–960, 2011 WL 201293, at *6 (M.D.La. Jan. 18, 2011) ("[W]ithout more, negative performance reviews, pay raise denials, and requiring an employee to obtain supervisory approval before implementing certain job tasks, when such approval was not previously required—i.e., what Defendant refers to as 'ordinary tribulations of the workplace'—are not sufficiently severe, pervasive, offensive and/or abusive to constitute a hostile work environment under Title VII."); *Arensdorf v. Snow*, No. H–05–2622, 2006 WL 3302532, at *11 (S.D.Tex. Nov. 13, 2006) ("The court rejects Plaintiff's premise that work-related performance issues can constitute actionable harassment… [The supervisor's] actions in evaluating Plaintiff's performance, counseling her on performance deficiencies, and placing her on a [performance improvement plan] are not harassment, rather, they are personnel decisions related to Plaintiff's job performance."), *aff'd*, 259 Fed. App'x 639, 644 (5th Cir. 2007).

8

Likewise, under *Morgan*, "[e]ach discrete discriminatory act starts a new clock for filing charges," and discrete acts "are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Morgan*, 536 U.S. at 113.  In other words, the continuing violation doctrine does not apply to discrete acts of discrimination or retaliation like those alleged by Plaintiff.   Thus, apart from the constructive discharge claim, all other discrete acts of discrimination or retaliation are time-barred and therefore cannot support a HWE or RHWE claim. *Morgan*, 536 U.S. at 114; *see also Mathis v. FedEx Corp.*, Case No. H-12-1871, 2014 WL 1278182, at *4 (S.D. Tex. Mar. 27, 2024) (order adopting memorandum and recommendation) (plaintiff's claims of discrimination and retaliation based on transfer to a different team, transfer of accounts to a male co-worker, and resignation in lieu of termination were "discrete acts, not a series of related incidents" and therefore "the court finds that the continuing violation doctrine does not apply to these claims").

Third, what remains of Plaintiff's HWE and RHWE claims once all the alleged discrete acts and personnel decisions are cast aside does not constitute "harassment" and is not sufficiently severe or pervasive to state a claim.  To constitute "harassment", the challenged conduct must amount to discriminatory "intimidation, ridicule, and insult" that is objectively hostile or abusive and subjectively perceived as abusive.  *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-22 (1993). *Harris*, 510 U.S. at 21-22.  Furthermore, the harassing conduct must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *Morgan*, 536 U.S. at 116.  "To determine whether the victim's work environment was objectively offensive, courts consider the totality of the circumstances, including (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or merely an offensive utterance; and (4) whether it interferes with an employee's

9

work performance. No single factor is determinative." *Id.* Rude or offensive comments, simple teasing or isolated incidents (unless extremely serious) do not amount to changes in the "terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

Here, the remaining non-discrete acts of alleged "harassment" in Plaintiff's FAC—including claims that her manager criticized her performance (FAC ¶ 23) would sometimes use, and encouraged others to use, swear words in the workplace but not directed specifically at her (FAC ¶ 25), and would also refuse to grant work extensions (FAC ¶ 23)—fall far short of these standards. Indeed, the remaining "harassment" amounts to nothing more than a few petty slights and normal workplace tribulations insufficient to state claims for HWE or RHWE. *Newbury v. City of Windcrest, Texas*, 991 F.3d 672, 676 (5th Cir. 2021) ("Title VII is not a general civility code for the American workplace." (internal citations omitted)); *Taliaferro v. Lone Star Instrumentation & Electric Corp.*, 212 F.Supp.3d 714, 718-19 (W.D. Tex. 2016) *aff'd*, No. 16-51152, 693 Fed.Appx. 307 (5th Cir. 2017) ("As a matter of law, reprimands and isolated comments do not rise to the level necessary to support a cause of action for [RHWE]."); *Smith v. McDonough*, No. SA-23-CV-01552-XR, 2024 WL 6069304, at *5 (W.D. Tex. June 10, 2024) (noting that "petty slights, minor annoyances, and simple lack of good manners" do not concern Title VII). They also do not reveal any intimidation, ridicule, or insult towards Plaintiff that is objectively hostile or abusive, let alone any conduct that is physically threatening or humiliating. *See Montgomery-Smith v. George*, 810 F. App'x 252, 258 (5th Cir. 2020) ((plaintiff failed to establish harassment was sufficiently severe or pervasive because denials of promotions, laughing and glaring, exclusion from office events are not offensive or harassing to support a HWE claim, and consequently also denying RHWE claim without deciding whether to recognize it); *Ogden v. Brennan*, 657 F. App'x 232, 236 n.2 (5th Cir. 2016) (same); *Rosenson v. Bloomfield*, No. 24-1365,

2025 WL 958254 (D.D.C. March 31, 2025) (granting 12(b)(6) dismissal of RHWE where alleged post-complaint conduct—performance improvement plans, criticism/monitoring of plaintiff's performance, interference with responsibilities, changes in reporting structure—amounted to ordinary supervisory actions and not extreme, severe or pervasive harassment). Finally, the Fifth Circuit has routinely rejected hostile work environment claims based on far more reprehensible conduct as a matter of law.  *See, e.g., Brooks v. Firestone Polymers, L.L.C.*, 640 F. App'x 393, 399-400 (5th Cir. 2016) (racial slurs, "black faces" drawn in the bathroom stalls, and manager's statement that "there would be no blacks in the control room" as long as he was in charge of a certain unit were reprehensible, but did not establish hostile work environment because they were only isolated incidents and offhand remarks); *Dailey v. Shintech, Inc.*, 629 F. App'x 638, 639-40 (5th Cir. 2015) (plaintiff's allegation that supervisor called him a "black little motherf—er" on two occasions and said he would "kick his black a—s" on another occasion did not establish a hostile work environment because they were not severe or pervasive).

Fourth, Plaintiff's purported RHWE theory should be rejected because neither the Texas Supreme Court nor the Fifth Circuit has expressly recognized such a claim under Title VII or Chapter 21 of the Texas Labor Code. *See Ogden*, 657 F. App'x at 236, n.2; *Montgomery-Smith*, 810 F. App'x at 258; *Manor Indep. Sch. Dist. v. Boson*, No. 03-16-00756-CV, 2017 WL 1228880, at *2 & n.4 (Tex. App.—Austin Mar. 29, 2017, no pet.) (observing it is "unclear whether Texas courts even recognize" RHWE and assuming without deciding such a claim exists at the plea to the jurisdiction stage).

Finally, Plaintiff's purported RHWE claim should be dismissed because she fails to plead (let alone allege facts to establish) a plausible causal connection between the protected conduct and alleged harassment. *English v. Perdue*, 777 Fed. Appx. 94, 99 (5th Cir. 2019) (affirming

11

dismissal of RHWE claim on 12(b)(6) motion to dismiss where plaintiff failed to allege a causal connection between protected activity and allegations of discrimination). Furthermore, Plaintiff's own allegations defeat causation: she pleads the alleged mistreatment began at her "first formal meeting" with her manager—before any HR complaint—and therefore it cannot plausibly be retaliation for protected activity. (FAC ¶ 18); *see LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 390 (5th Cir. 2007) (actions taken before protected activity cannot constitute retaliation).

**E.    Plaintiff Should Not be Granted Leave to Replead.**

The Court should not grant Plaintiff leave to re-plead a third time. Plaintiff has already filed an Amended Complaint and had a chance to plead her best case, the deadline for her to amend has already expired before Defendants filed the instant motion, and Plaintiff cannot establish "good cause" under FRCP 16. *See Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 602 (5th Cir. 2021) (plaintiff failed to establish good cause to file amended complaint months after the pleading deadline where there is no "suggestion that any of those facts were unavailable when filing the previous complaints); *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (declining to grant plaintiff leave to amend complaint to add additional claim three months after the schedule order's deadline for pleading amendments); *Johnson v. East Baton Rouge School System*, No. 16-422-SDD-RLB, 2018 WL 11319414 at *3 (M.D. La. June 18, 2018) (cannot establish good cause to amend pleading through lack of diligence).

Respectfully submitted,

SEYFARTH SHAW LLP


By:*/s/ Esteban Shardonofsky*
    Esteban Shardonofsky
    Texas Bar No. 24051323
    Rachel M. Hoffer
    Texas Bar No. 24065432
    700 Milam Street, Suite 1400
    Houston, Texas 77002
    Telephone: (713) 225-2300
    Facsimile: (713) 225-2340
    sshardonofsky@seyfarth.com
    rhoffer@seyfarth.com

    ATTORNEYS FOR DEFENDANTS
    ABBOTT LABORATORIES AND ST. JUDE
    MEDICAL BUSINESS SERVICES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2026, I filed the foregoing via the Court's CM/ECF system, which will send an electronic notification of such filing to Plaintiff's counsel.

Mary L. Scott, Esq.
Fulton Jeang PLLC
6333 E. Mockingbird Lane, Suite 147-2191
Dallas, Texas 75214

    */s/ Esteban Shardonofsky*
    Esteban Shardonofsky

13